Good morning, your honors. Alan Zarki from the Federal Defender on behalf of Mr. Parker. I'd like to reserve three minutes for rebuttal. And I'd like to direct my comments this morning to the issues of mootness and to the substantive issue of whether there was a violation and submit on the briefs on the notice question unless, of course, the court has questions on that. So since mootness is the first question, the government's submission yesterday, the letter the government submitted yesterday morning, basically is asking this court to decide the issue of mootness by substituting its judgment for the district court's. If, in fact, this court turned to the merits, there's no question if the court then accepted Mr. Parker's position and reversed the finding of a violation, the court wouldn't resentence Mr. Parker based on the one outstanding violation. The court would remand the matter to the district court and allow the district court, Judge Settle, to make his decision about what sentence is proper now that one of its two findings has been stricken. In deciding the issue of mootness, the court basically needs to recognize that the matter would be remanded if the court addresses the issue and resolves it in our favor. What difference does that make? I'm saying that it... I said, what difference does it make? What difference does it make? Let's say the judge said, okay, gosh, I would have given him six months less. If his sentence had been completed by the time the government filed his 4248 certification... That's not the question. My question is, you seem to be arguing that if a person is committed to the Bureau of Prisons, say, make it any sentence you want, I don't care if it's supervised release or otherwise, and five years later, ten years later, whatever it is, his conviction is reversed, that person must have been illegally in custody of the Bureau of Prisons during that five or ten year period. That seems to be the nub of your argument. I don't see any case you cited with that proposition, but that seems to be your argument. Because if he was legally in the custody of the Bureau of Prisons, even though we later overturned the sentence, then civil case hooks on. If he was legally in custody, and your argument seems to be you're not legally in custody of the Bureau if we ultimately overturned your sentence, you were never in legal custody. Is that your argument? That's correct, Your Honor, and I don't have a case on point on that. I don't think there's one either way. The whole 4248 issue of legally in BOP custody is a matter that's just beginning to percolate through the courts, and I certainly could not address it in response to in the form of a 28-J letter after the government raised these issues initially on Friday. Well, the cases you did cite are really not even close, are they, to that issue, are they? I agree it doesn't resolve the issue of what legally in custody means in that context. That case was specifically about one where he was in physical custody of BOP and legally in military custody. And it cites another case with the same thing. That's correct. And its whole argument is about that issue, right? So I agree, Your Honor. There's nothing on point at this point in that area. I would contend that, in fact, he is not legally in custody, and certainly at this point, and I understand Your Honor has concerns about that. But I know of no ruling to the contrary, and, again, if that's the direction this Court were to resolve the mootness issue on rather than this question of what Judge Settle might do on a remand, I do think it's a difficult situation for the government to have raised it Friday and where it's not one where there are cases on point either direction. Actually, the government raised this question in its brief, and you folks didn't respond in your reply to be actually accurate about it. In fact, what it raised the first time with this first 28-J letter was really just correcting a date issue. I don't agree, Your Honor. Under the law that has existed prior to this last spring, and under the law as the government cited in its brief, in fact, the government was wrong. Prior to this Court's holding about the supervised release continues to run while a 4248 proceeding is ongoing, the fact that Mr. Parker would have had supervised release after that 4248 proceeding would have rendered the issue non-moot. I did fail to respond to their footnote citation about mootness, but the fact is under the law as they cited it, they were wrong. So they first raised this issue on Friday, and I've responded as best as I can right now. You're absolutely right, Your Honor. They didn't mention mootness in a footnote. I did fail to respond. I think it's kind of no harm, no foul, because, in fact, under the law as they cited it at that time, they were wrong. It would not have been moot because his supervised release would have been told until he completed the 4248 proceeding. But it – and I understand I'm not succeeding with Your Honor, but anyway, briefly to return to that first point about mootness, is that if I am right about the legally in custody, then the only question is, is there a possibility, and that's the Ninth Circuit's word, not mine, that the court would adjust the sentence in a way that would affect the mootness issue. I could – there are several cases I have that I couldn't bring up since the government just first raised that argument yesterday morning. I could either submit supplemental authorities or give them to the court now, but this Court has several times said as long as there's a possibility the district court might reduce the sentence, the issue is not moot. Turning to the substance, Your Honor, the challenge to the Court's findings, there's two separate bases for that. One is it does appear that the Court applied the wrong standard for true threat, and it also, I would submit that under this Court's independent review of the facts to see if there is the constitutional core fact of a true threat, the facts just do not support it. The government, contrary to its assertions, did cite the wrong standard to the court. The court never specifically said, here are the elements, but in announcing how the elements were met, referred to, one, the objective standard, which the government had cited to, and referred to a subjective standard that is different, I would submit, although I admit in a subtle way, different from the requirement of black, of an intent that the threat be, that the words be taken as a serious expression of intent to harm. In other words, the speaker has to be thinking, I want you to believe that I seriously intend to harm you. And that's different than just an intent to intimidate, which is what Judge Settle referred to, because one can intend to intimidate not because I have a serious intent to harm you, but simply I want you to be a little worried. And the judge never addressed the core constitutional requirement of a serious, an intent that the hearer understand there to be a serious expression of an intent to harm. So the judge was wrong both in the standards it applied and in its ultimate finding, which, again, this Court reviews under a very essentially de novo standard. It accepts the facts as found by the district court, but then applies them itself to the constitutional standard. And I would submit, Your Honors, that if this constituted a true threat, there would be no difference between the objective standard and the subjective one, which the Supreme Court relied so heavily on in black, and which this Court has then applied in several cases. There wasn't even an explicit threat here, although I don't suggest that an explicit threat is required, but there was none of the other surrounding circumstantial evidence to suggest that he, Mr. Parker, reacted in anything other than just a sort of knee-jerk reaction of anger. And that, therefore, the Court erred in finding the subjective intent. I understand and I'm not challenging his finding that the objective standard was met, that a reasonable, rational person could have understood there to be such an expression of intent. But in terms of finding that Mr. Parker actually intended the recipient to have that reaction, as opposed to just his having reacted in anger. Counsel, may I clarify your position on the mootness issue? Yes. So in terms of actually completing the supervised release sentence, you don't challenge that Mr. Parker has completed the sentence and the term of supervised release? Under this Court's laws of last spring, that's absolutely right, Your Honor. Okay. So then your position on mootness is based on collateral consequences. And what is your view of what those collateral consequences are? The civil commitment proceeding? That's correct, Your Honor. And it does rely primarily on the issue that Judge Fernandez raised at the very beginning of whether he was legally in BOP custody and also the potential that this finding could be used in those proceedings. So Your Honor's elucidated that for me quite well. Thank you. All right. Thank you. Good morning. My name is Bruce Miyake. I represent the United States. Your Honor, our view is this appeal should be dismissed because it's moot. Mr. Parker, as defense has conceded, has completed all aspects of the sentence, not only his imprisonment, but also his term of supervision. And there are no collateral consequences that he has set forth here today that exist. He claims that if this Court were to reverse this finding that he committed the violation of intimidation, that he could use that to his advantage in challenging the civil commitment petition against him. But the major flaw of that argument is he wasn't simply sentenced for that violation. There was another violation he was sentenced for, and that was the rape violation. And there's nothing in the record to suggest that Judge Settle, when he sentenced him, sentenced him solely for the intimidation and not the rape charge. Quite frankly, the rape charge was the more serious of the two violations. And when you look at the record, most of the time and attention was given to that violation. The other argument he makes is the one that was brought up, that this finding can somehow be used to establish impulsivity. But what I'd point out is this civil commitment petition focuses on the sexual dangerousness of a person, not their impulsivity. And the finding in and of itself doesn't go to that standard. It's irrelevant to that standard. And as this Court and the Supreme Court has pointed out, that it's not simply the finding, but it would be the underlying conduct. And when you have a speculative harm, such as what they're asserting to this Court, that doesn't qualify as a collateral consequence. What do you do with the argument, and I've heard you address it, that if indeed we say this particular sentence was improper, for whatever reason, maybe we say, well, maybe the two of those things mixed together. The threat was improper and maybe the judge would have given a shorter sentence. Okay? If we say that, I believe the argument is, ergo, he was not legally in custody of the Bureau of Prisons. In my response to that, Your Honor, is that he was legally in custody of the Bureau of Prisons by virtue of the finding of the rape allegation. And I know that this isn't in the record. I know that the policy of the Bureau of Prisons is to file these petitions prior to the release of the inmate, just as what happened here. So I don't think that offers any relief to him. So that would be my response to that. So, Your Honor, considering the fact that he has not established, which he must, collateral consequences and the fact his sentence is complete, we believe this appeal should be moved. Now, with respect to the argument of threats, when the district court ruled that Mr. Parker had committed the allegation of violation, it was fully aware of what the correct legal standard was. The court had been briefed by both the government and the defense. And prior to ruling, the court held oral argument on this issue. And during that time, the defendant reiterated what the appropriate standard that the court had defined, in other words, that the defendant intended his statements to be threatening. Further, if you look at the record on what the court actually said, the court found specifically that the defendant made these statements with the intent to intimidate. The court went on to say that the defendant himself knew that this statement would be interpreted as a serious expression of harm and that, in fact, it was a serious expression of harm. When the district court found that the defendant made these statements with the intent to intimidate, he satisfied the true threat requirement. As the Supreme Court in Virginia v. Black found, and this Court's decisions in U.S. v. Cassell and U.S. v. Stewart have observed, the intent to intimidate is essentially the same as intent to threaten. In fact, this Court observed in Stewart, one cannot have the intent required under Section 115, subparagraph A1b, without also intending to make a threat. And so when Judge Settle made that finding of intent to intimidate, he satisfied the true threat requirement. Your Honor, with respect to the sufficiency of the evidence, looking at the facts favorable to the government, and even considering the two-tier standard of review that the defense asserts this Court must apply, the undisputed facts clearly support Judge Settle's finding. Mr. Parker had just been arrested. He was angry about being arrested when he encountered the Deputy U.S. Marshal. When the U.S. Marshal tried to talk to him, he actually had to calm him down. And it was in that context that Mr. Parker made some very specific statements. He indicated that he was upset about being arrested and that it wasn't going to happen again, that he had a gun, and that there would be a fight. Clearly, the reasonable inference from this is that he was saying that to intimidate the officers. So based upon the record, we think that there clearly is sufficient evidence and that those facts certainly support Judge Settle's finding that there was an intent to intimidate. If the Court doesn't have any further questions, I'll rest on the merits of the brief. Thank you. Thank you. Would you like a minute? Yes, Your Honor. One, I would request an opportunity to file a brief response to the 28-J letter the Government filed yesterday morning. Two, the Government misstates what Stewart said. The case in clear, what they clearly showed to be dicta said it would seem to us that the one statute's standard is subsumed by the other. Judge Settle did not say that Mr. Parker intended. He said he knew that it would be taken as a recipient would take the statement in a particular way. He did not say that he intended. And that's the standard required under Black. So I would simply request then an opportunity to submit a response to the Government's filing of yesterday morning, if the Court will allow it. And how long do you need to prepare that and file today? I'd say Monday just to be sure. Monday's fine. If you'd file that on Monday, that'd be fine. Or before, but at the latest Monday. Thank you, Your Honor. Okay. Thank both of you. United States v. Parker now submitted.
judges: Fernandez, Fletcher, Rawlinson